# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | |
|---|---|
| KENNETH BERNARD JOHNSON, | |
| Petitioner, | |
| | CASE NO. 7:05-CR-20 HL |
| | 28 U.S.C. § 2255 |
| vs. | CASE NO. 7:07-CV- 60 HL |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

## REPORT AND RECOMMENDATION

Petitioner Johnson was indicted in this Court on October 20, 2005, and charged with seven counts of drug violations. (R-1). On November 14, 2005, Attorney William Robert Folsom entered his Notice of Appearance in representation of Petitioner Johnson. (R-28). After considerable discovery and other pre-trial proceedings, Petitioner Johnson entered into a Plea Agreement with the Government and pleaded guilty to Conspiracy to Distribute of More Than 5 Grams of Cocaine Base in violation of 21 U.S.C. § 841(a)(1), § 841(b)(1)(B)(iii), and 18 U.S.C. § 2, as charged in Count I of the Indictment. (R-50, 51). Johnson was sentenced on July 5, 2006, to a term of imprisonment of 188 months imprisonment, which sentence was rendered the Judgment in the case on July 7, 2006. (R-80). Petitioner did not file a direct appeal, but timely filed his present Motion To Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C.§ 2255 on June 6, 2007. (R-91).

**Petitioner's § 2255 Claims**

As **Ground One** of his Motion, Petitioner Johnson claims ineffective assistance of counsel, alleging that his attorney deficiently neglected to object to the 2 level attribution to Petitioner's criminal history in his Presentence Report for being an organizer, leader, manager, or supervisor pursuant to U.S.S.G. § 3B1.1(c).

Contrary to Petitioner Johnson's assertion, his counsel did file and argue a written objection to the 2 level increase in Petitioner's calculated criminal history at PSI p. 7, ¶ 25. (R-64). Petitioner's attorney cannot be found to have been ineffective for failing do something that he actually did. To establish a claim for relief based upon ineffective assistance of counsel, Petitioner must meet the two pronged test of *Strickland v. Washington,* 466 U.S. 668, 104 S. Ct. 2052 (1984). (1) Petitioner must show that his counsel's representation was deficient and (2) Petitioner must show that this deficient representation prejudiced Petitioner. *Strickland,* 466 U.S. at 687; see *Baxter v. Thomas,* 45 F. 3d 1501, 1512 (11th Cir. 1995). The two-pronged *Strickland* test is applicable to ineffective assistance of counsel claims arising out of the plea process. *Hill v. Lockhart,* 474 U.S. 52, 57, 106 S. Ct. 366 (1985). As applied to the plea situation, the first prong of *Strickland* remains the same: the attorney's conduct must be shown to have fallen outside the range of reasonable conduct. *Hill,* 474 U.S. at 58. Counsel need only provide a client who pleads guilty with an understanding of the law in relation to the facts, so that the accused may make an informed and conscious choice between accepting the prosecution's offer and going to

trial. *Wofford v. Wainwright,* 748 F. 2d 1505, 1508 (11th Cir. 1984). The second prong of the *Strickland* test focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. *Hill,* 474 U.S. at 59. In other words, in order to satisfy the prejudice requirement, Petitioner must show that there is a reasonable probability that, but for counsel's errors, Petitioner would not have pleaded guilty and would have insisted on going to trial. *Id.*

Petitioner's claim that the record refutes his characterization as an organizer, leader, etc., of the distribution of cocaine base as charged in the indictment is contradicted by the record. Johnson agreed in his Plea Agreement that the sentencing court could "determine any pertinent fact by a preponderance of the evidence and . . . to consider any reliable information including hearsay." (R-50 at 2). Johnson's stipulation of the facts of the offense contained in his Plea Agreement provided that, in a crack cocaine purchase arrangement with a confidential informant, Johnson advised the informant that he was "sending" someone else (Mitchell) to the location he had specified for the transaction. (R-50 at 9). Sending another to complete a drug sale was sufficient to qualify Johnson as a leader, manager, or supervisor under the terms of U.S.S.G. § 3B1.1(c). "The assertion of control or influence over only one individual is enough to support a § 3B1.1(c) enhancement." *United States v. Phillips,* 287 F.3d 1053 (11th Cir. 2002)(quoting *United States v. Jiminez,* 224 F.3d 1243, 1251 (11th Cir. 2002). Petitioner's Ground One is without merit. Petitioner's claim that his attorney failed to object to the § 3B1.1(c) enhancement is incorrect, however, the objection has been shown to have been meritless nonetheless.

As **Ground Two,** Petitioner Johnson claims the he was denied effective assistance of counsel where "counsel deficiently neglected to object to, brief, and/or argue against the erroneous attribution of drug quantities to Movant Johnson which exceeded the scope of the Pleas Agreement, which exceeded the scope of Count I of the Indictment." (R-91 at 6).

While the exact drug quantities were not pleaded in the Indictment, but only "more than 5 grams of cocaine base," Petitioner Johnson stipulated in his Plea Agreement that 57.8 grams was the amount to be attributed to him. (R-50 at 9). In the same Agreement, as noted in reference to Ground One, Petitioner Johnson also stipulated that the sentencing court could "determine any pertinent fact by a preponderance of the evidence and . . . to consider any reliable information including hearsay." (R-50 at 2). Petitioner's stipulation under oath was at all times available to the sentencing court for consideration and acceptance along with any other evidence of the extent of Petitioner's offense. *See* (R-50 at 8). It has long been held that the amount of drugs sold by a co-defendant can be attributed to the defendant as relevant conduct in a conspiracy to distribute drugs. *See United States v. Alfred,* 144 F.3d 1405 (11th Cir. 1998). Count I of the Indictment charged conspiracy to distribute more than 5 grams of cocaine base. (R-1). The sentencing judge was authorized to make findings in regard to the total amount of drugs involved by a preponderance of the evidence (*United States v. Faust,* 456 F.3d 1342, 1347-48 (11th Cir. 2006)), so long as the enhancement did not exceed the statutory maximum for the conviction. *United States v. Dean,* 487 F.3d 840 (11th Cir. 2007).

Petitioner's Ground Two claim of ineffective assistance of counsel is frivolous. An

4

attorney is not ineffective for failing to argue a meritless issue. *United States v. Winfield,* 960 F.2d 970, 974 (11th Cir. 1992).

Petitioner's **Grounds Three** and **Four** each claimed that Petitioner Johnson was entitled to be resentenced under the U.S. Sentencing Guideline Amendments, effective November 1, 2007, relative to cocaine base quantity recalculations in U.S.S.G. § 2D1.1, made retroactive March 3, 2008. In his Ground Three, Johnson contended that his Guideline Sentencing Range should be recalculated to 121-151 months imprisonment. In his Ground Four, he urged that his Guideline Sentencing Range be recalculated to 135 - 168 months imprisonment. On April 2, 2008, the District Court, *sua sponte,* recalculated Petitioner's Guideline Sentence pursuant to the November 1, 2007, crack cocaine guideline amendments, and reduced Petitioner's sentence to 121 months imprisonment. (R-102). Therefore, Petitioner's Grounds Three and Four, whether meritorious or not, are now moot. All of Petitioner's claims have been shown to be either without merit or moot.

**WHEREFORE, IT IS RECOMMENDED** that Petitioner's Motion To Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C.§ 2255 should be DENIED. Pursuant to 28 U.S.C. § 636 (b)(1), Petitioner may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE, WITHIN TEN (10) DAYS after being served with a copy hereof.

SO RECOMMENDED this 15th day of July 2008.

S/ G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE

5